FLINT COMPANY *vs.* WILLIAM J. DANA & another.

Bristol.    October 23, 1923. — November 27, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Practice, Civil,* Exceptions.    *Evidence,* Competency.

An exception, saved by the defendants at the trial of an action of contract against officers of a corporation, in which the plaintiff sought payment for the painting of certain houses owned by the corporation, to the admission in evidence of testimony of the plaintiff, in substance that, when he left in the charge of a woman, who was a bookkeeper for one of the defendants, a copy of specifications relating to the painting, he said to her that the specifications related to such painting and requested her to give them to that defendant, and that she said she would do so, will not be sustained, even if the evidence erroneously was admitted, where it appears from the testimony of such defendant that the specifications were delivered by the bookkeeper to him, the testimony objected to thus being rendered immaterial.

CONTRACT for $870 and interest for painting certain houses belonging to the Taunton Realty Development Company. Writ dated March 22, 1921.

In the Superior Court, the action was tried before *Dubuque,* J. Material evidence and the only exception saved by the defendants are described in the opinion. The jury found for the plaintiff in the sum of $974.40. The defendants alleged exceptions.

*S. P. Hall,* (*L. Swig* with him,) for the defendants.

*F. J. Smith,* for the plaintiff.

JENNEY, J. This is an action of contract brought by the Flint Company, a corporation, against William J. Dana and Joseph Lockwood to recover compensation for painting houses on Kilton Street in Taunton. The houses belonged to the Taunton Realty Development Company, also a corporation, and had just been built by it.

No question was made as to the amount due the plaintiff, but the defendants claimed that it was owed by the realty company, and not by them individually. Dana was treasurer and Lockwood was president of that company which had only two other stockholders.

The case was submitted to a jury, with full and correct instructions and without exception, on the issue whether there was a contract express or implied between the plaintiff and the defendants.

The only exception relates to the admissibility of evidence. Roger D. Flint, the president and general manager of the plaintiff corporation, testified that at the request of Lockwood he prepared specifications for the work in the form of letters addressed to the defendants and gave them to him with a statement of price; that Dana thereafter told him that he and Lockwood were building the houses and that he had decided to employ the plaintiff to do the painting, and directed him (the witness) to make out specifications and bring them to him. He further testified that he caused the specifications to be rewritten adding Dana's name to that of Lockwood, and then took them to the latter, who, on reading them, told him to get Dana to sign first, and that he would then do so. Thereafter, according to the same witness, he went to Dana's store and was informed by the bookkeeper or cashier who was apparently in charge of the office that Dana was not there. In reply to the

question, " What did you say to the bookkeeper? " he answered, subject to exception, " I told her those were the specifications for the painting of the houses on Kilton Street, and as long as Mr. Dana was not there if she would give them to Mr. Dana to sign and I would stop in later and get them. She said she would." The specifications were left with the bookkeeper. The witness further testified that he thereafter saw Dana, who admitted receiving the specifications and asked him to call again because he (Dana) had been busy and had not examined them; that on that afternoon Dana told him that he had mislaid them; and that in consequence of inquiry by Lockwood he did the work without obtaining the defendants' signatures.

Very likely the admission of this evidence was erroneous because the bookkeeper could not bind the defendants in receiving such instructions and because, construing them as authorizing her to give the message in behalf of the plaintiff, the nature and terms of the instructions were not of probative force as against the defendants. The error in any event does not require the sustaining of the exceptions. The evidence established nothing more than a request to the bookkeeper to do something which was not in controversy.

Lockwood testified that when Flint presented the specifications to him, he directed him to go to Dana with them; and Dana admitted that they were given to him by the bookkeeper. It does not appear that there was any dispute as to the purpose of leaving the specifications at Dana's office. The evidence admitted did not concern any material issue. *Warner* v. *Brown*, 231 Mass. 333, 338.

*Exceptions overruled.*